## McGinley *vs* Brooks & Co.

CHANCERY.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Case* 43.

*Jurisdiction. Attachment.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

*December 16.*

It seems to this Court that the *Chancellor* had no jurisdiction in this case, to grant the *ne exeat*, and render the decree *in personam* against *McGinley*, for an alleged debt for which the remedy was exclusively legal, unless there had been some cause, either at common law or under our statute of 1837, (*Session Acts*, 103,) for an attachment in Chancery or a proceeding *in rem*.

The allegation of non-residence alone, was certainly insufficient to give jurisdiction to the Chancellor; and even that was denied by the answer and totally unproved.

Wherefore, as the bill did not suggest that *McGinley* had any property within the *Chancellor's* cognizance, and as, moreover, he was served, personally, with process, and does not even appear to have been a non-resident, the decree against him must be reversed, and the cause remanded, with instructions to dismiss the bill for want of jurisdiction.

*Guthrie* for plaintiff: *Pirtle* for defendants.

*The allegation of non-residence, denied by answer, unsupported by proof, and where process appears to have been served, will not authorize the Chancellor to take jurisdiction, grant a ne exeat, and render a decree in personam, for an alleged debt.*